**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 30, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CLARENCE KING,

        Petitioner - Appellant,

v.

MICHAEL MILLER, Warden, Crowley
County Correctional Facility; CYNTHIA
COFFMAN,* the Attorney General of the
State of Colorado,

        Respondents - Appellees.

No. 15-1074
(D.C. No. 1:14-CV-03198-LTB)
(D. Colorado)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY****

Before **KELLY**, **LUCERO** and **McHUGH**, Circuit Judges.

---

    * Pursuant to Fed. R. App. P. 43(c)(2), John Suthers is replaced by Cynthia Coffman as Attorney General for the State of Colorado.

    ** This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Petitioner Clarence King, appearing pro se, seeks a certificate of appealability (COA) to challenge the district court's denial of habeas relief under 28 U.C.S. § 2254. The district court denied Mr. King's request for habeas relief as untimely. Because we agree that Mr. King's § 2254 petition was untimely, we deny his request for a COA and dismiss the appeal.

In December 2003, a Colorado jury convicted Mr. King of second degree assault, second degree kidnapping, and attempted sexual assault. He was sentenced to ten years for the assault charge, ten years for the kidnapping charge, and an indeterminate sentence of eight years to life for the attempted sexual assault, with all sentences to be served concurrently. Mr. King appealed, and the Colorado Court of Appeals affirmed his conviction and sentence on August 10, 2006. *See People v. King*, 151 P.3d 594, 600 (Colo. App. 2006). The Colorado Supreme Court denied Mr. King's petition for certiorari on February 15, 2007.

On May 11, 2007, Mr. King filed a motion for postconviction relief pursuant to Colorado Rule of Criminal Procedure 35(c). He subsequently filed a combined motion to accept as timely a Rule 35(b) motion for reconsideration and for modification of his sentence on August 15, 2007. The state district court denied all motions on August 30, 2007, and Mr. King did not appeal.

Mr. King next filed a motion on March 10, 2008, under Colorado Rule of Criminal Procedure 35(a) to correct an illegal sentence. The state district court denied the motion

on May 29, 2008. On February 5, 2009, Mr. King sought permission to file an appeal out of time, which was denied by the Colorado Court of Appeals.

On June 1, 2009, Mr. King again filed a Rule 35(c) motion, which was denied on August 6, 2009. The Colorado Court of Appeals affirmed the denial, but remanded to the district court for correction of a clerical error in the mittimus,[1] which erroneously reflected Mr. King's attempted sexual assault conviction as a class five felony rather than a class four felony. The court of appeals held that Mr. King had been properly convicted of a class four felony, despite the erroneous notation in the original mittimus. Accordingly, the court directed the district court to correct the mittimus on remand. *See* Colo. R. Crim. P. 36 ("Clerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."). Mr. King's motion for rehearing was denied on December 30, 2010, and he did not seek certiorari review. An amended mittimus issued on July 12, 2011.

On April 9, 2014, Mr. King filed another Rule 35(c) motion, which he supplemented on May 7, 2014. The district court denied the motion as untimely on August 19, 2014. Mr. King did not appeal.

---

[1] A mittimus is an official record of a defendant's conviction and sentencing. *See Black's Law Dictionary* 1154 (10th ed. 2014).

On September 26, 2014, Mr. King filed a petition in the U.S. District Court for the District of Colorado. The district court reviewed the petition, determined it was deficient, and ordered Mr. King to cure any deficiencies within thirty days. When Mr. King failed to do so, the district court dismissed his petition without prejudice on November 7, 2014.

Finally, on November 25, 2014, Mr. King filed the instant petition for habeas relief under § 2254. He asserted two claims. First, he argued the state court's correction of the mittimus violated his rights under the Double Jeopardy, Equal Protection, and Due Process Clauses of the U.S. Constitution. Second, he challenged a jury instruction given during his original trial. The district court denied Mr. King relief, finding his claims were untimely under 28 U.S.C. § 2244(d)(1). Mr. King renews both claims on appeal.

### A. *Legal Standard for Timeliness Under AEDPA*

Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

-4-

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In determining whether a petition is timely filed within the one-year limitations period, this court requires that the petition be filed on or before "the anniversary date of a triggering event." *United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003). Mr. King has not argued he was prevented from filing his petition by state action; nor has he asserted any constitutional rights newly recognized by the Supreme Court and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B)–(C). Thus, the triggering event for the start of the limitations period for his claims is either (1) the date on which the judgment became final or (2) the date on which he could have discovered the factual predicate for his claims through the exercise of due diligence. *Id.* § 2244(d)(1)(A), (D). If Mr. King filed his § 2254 petition more than one year after the applicable triggering event, his petition is untimely, absent some form of tolling.

### *B. Claim I*

In his first claim, Mr. King argues the state court's correction of the mittimus violated his rights under the Double Jeopardy, Equal Protection, and Due Process Clauses of the U.S. Constitution. Before the district court, the State conceded that the issuance of

the amended mittimus "would constitute the factual predicate for the claim, and trigger a starting date under § 2244(d)(1)(D) that is later than the conclusion of direct review."

The amended mittimus issued on July 12, 2011. Mr. King argues he did not receive notice of the amendment until "late 2011." But even assuming Mr. King could not have discovered the factual predicate for his claim until late 2011, his claim is still untimely. If we assume he had actual knowledge of the amendment on December 31, 2011, the limitations period expired on December 31, 2012. Mr. King did not file his § 2254 petition until November 25, 2014, well beyond the one-year limitations period enumerated in § 2244(d)(1).[2] Thus, we agree with the district court that this claim was untimely.

Nonetheless, Mr. King argues the limitations period should be equitably tolled because the Colorado court failed to follow its own procedures, which, according to Mr. King, required the court to notify him of the amended mittimus. Section 2244(d)'s limitations period is subject to equitable tolling, *Holland v. Florida*, 560 U.S. 631, 645 (2010), but "equitable tolling is appropriate only in rare and exceptional circumstances,"

_____

[2] Mr. King did file a state postconviction motion on April 9, 2014, which would normally toll the running of the limitations period. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). But "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Thus, this late-filed motion could not have tolled the limitations period.

*Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (internal quotation marks omitted).

In this case, Mr. King admits he had actual knowledge of the amended mittimus by "late 2011," leaving him with six months of the limitations period to file his claim. Mr. King provides no explanation as to why he could not have brought his § 2254 petition within the one-year limitations period. Nor has he explained the additional almost three-year delay between "late 2011" and his November 2014 filing. Accordingly, we hold Mr. King is not entitled to equitable tolling on Claim I.

## C. *Claim II*

Mr. King's remaining claim involves a challenge to a jury instruction issued in his original trial. Because it determined Claim II challenged Mr. King's underlying conviction,[3] the district court concluded § 2244(d)'s one-year limitations period was triggered when Mr. King's conviction became final on May 17, 2007, upon expiration of the time for filing a petition for certiorari in the U.S. Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A) (stating the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). A properly filed state court postconviction motion tolls the one-year

---

[3] Mr. King argues Claim II is not an attack on his underlying conviction. Rather, he argues the alleged error in the jury instructions only came to light when the Colorado court issued the amended mittimus. To the extent Claim II is related to Claim I, it suffers from the same deficiencies in timeliness. Mr. King could have brought his claim within the one-year limitations period because he had actual knowledge of the amended mittimus.

limitations period while the motion is pending. *Id.* § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). A state postconviction motion is "properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Moreover, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000).

Keeping these principles in mind, we now consider whether Mr. King's postconviction filings tolled the limitations period for Claim II. Mr. King's first postconviction motion was filed on May 11, 2007, and was therefore pending when his time for seeking certiorari review through the U.S. Supreme Court expired on May 17, 2007. This filing tolled the limitations period until October 15, 2007, when the time expired to appeal the Colorado district court's August 30, 2007 order denying

-8-

postconviction relief. *See* Colo. App. R. 4 (2011) (mandating appeals initiated before July 1, 2012 be filed within forty-five days).

The limitations period began to run on October 16, 2007, and continued uninterrupted for 146 days, until Mr. King filed his Rule 35(a) motion on March 10, 2008. This tolled the limitations period until July 14, 2008, when the time expired to appeal the district court's May 29, 2008, order denying relief.[4]

When the limitations period again began to run on July 15, 2008, Mr. King had 219 days remaining (365 – 146 = 219). The remaining 219 days ran uninterrupted until the limitations period expired on February 19, 2009. Mr. King did not file his next postconviction motion until June 1, 2009. This motion could not have tolled the limitations period because "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Thus, Claim II is also barred as untimely.

---

[4] Mr. King's February 2, 2009, attempt to appeal the May 29 order did not toll the limitations period because the appeal was dismissed as untimely. *See Hoggro v. Boone*, 150 F.3d 1223, 1226 n.4 (10th Cir. 1998) (holding an untimely postconviction appeal is not properly filed under § 2244(d)(2)).

Based on the foregoing discussion, we DENY Mr. King's request for a COA and DISMISS this appeal. We further DENY his request to proceed in forma pauperis.

ENTERED FOR THE COURT


Carolyn B. McHugh
Circuit Judge