FILED
United States Court of Appeals
Tenth Circuit

January 11, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LARRY DALE FLOYD,

      Petitioner–Appellant,

v.

PAM PLOUGHE, Warden; DIRECTOR
COLO. DEPT. OF CORRECTIONS;
THE ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents–Appellees.

No. 12-1349
(D.C. No. 1:12-CV-01323-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Larry Dale Floyd, a Colorado state prisoner appearing pro se, seeks a certificate of

appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2254

habeas petition. We deny a COA and dismiss the appeal.

**I**

On November 30, 2006, Floyd pled guilty to three counts of enticement of a child

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

in Colorado state court.  On January 23, 2007, the trial court sentenced Floyd to concurrent prison sentences of six years to life, pursuant to the plea agreement.  Floyd did not appeal.

On June 16, 2009, Floyd filed a motion for sentence reconsideration, which the trial court denied on July 1, 2009.  He also filed a petition for rehearing on July 29, 2009 that the trial court denied two days later.  He did not appeal.

On October 8, 2009, Floyd filed a motion to vacate his conviction, which the trial court denied the same day.  Floyd appealed, and on September 16, 2010, the Colorado Court of Appeals affirmed the denial.  The Colorado Supreme Court denied Floyd's request for certiorari review on April 18, 2011.

On May 21, 2012, Floyd filed a petition for habeas corpus relief under 28 U.S.C. § 2254 in federal district court.  Floyd claimed that his guilty plea was not knowing, voluntary, or intelligent because the state trial court failed to adequately inform him that he was required to participate in sex offender treatment as part of his plea agreement.

The government argued that Floyd's § 2254 petition was barred by the one-year limitations period found in § 2244(d).  After providing Floyd an opportunity to respond, the district court dismissed Floyd's petition as untimely.

**II**

Floyd may not appeal the district court's denial of habeas relief without a COA. § 2253(c)(1)(A).  We will grant a COA only if Floyd demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

-2-

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). We construe Floyd's pro se § 2254 petition liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## A

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitations period on habeas petitions, which generally begins to run upon "conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1). Floyd had forty-five days after entry of final judgment to file an appeal. See Colo. App. R. 4(b) (2007). He was sentenced on January 23, 2007, and therefore had until March 9, 2007 to appeal. See Colo. App. R. 26(a) (2007) (providing that the computation of time shall include weekends and legal holidays when the time period to appeal is eleven or more days). Floyd's AEDPA limitations period thus began to run on March 12, 2007, the next business day after the conclusion of his time to appeal.

A properly filed application for state post-conviction relief tolls the AEDPA limitations period while the application is pending. § 2244(d)(2). There were no pending post-conviction applications in Floyd's state court criminal case between March 12, 2007 and June 16, 2009, when Floyd filed his first motion for sentence reconsideration. Accordingly, Floyd's AEDPA limitations period ran uninterrupted for one year until it expired on March 12, 2008. Because Floyd did not file his § 2254 petition until May 21, 2012, his petition is untimely.

-3-

**B**

AEDPA's one-year limitations period for habeas petitions is "subject to equitable tolling in appropriate cases." See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  In general, "a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Sigala v. Bravo, 656 F.3d 1125, 1128 (10th Cir. 2011).  Equitable tolling of the AEDPA limitations period is appropriate "only in rare and exceptional circumstances." Id. at 1127.  We agree with the district court that Floyd has failed to show such circumstances here.

Floyd's sole argument for the application of equitable tolling is that the timeliness of his state court post-conviction motions renders his federal habeas proceedings timely. The time that state courts provide for filing state post-conviction motions, however, does not extend the time to file a federal habeas action under ADEPA. Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003) ("We recognize that, as a federal statute that interacts with state procedural rules, § 2244(d) will sometimes force a state prisoner to act expeditiously to preserve his federal claims despite the procedural lenience of state law, which may forgive substantial delay.").  We therefore hold that Floyd has failed to assert any basis for equitable tolling.

## III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge