FILED
United States Court of Appeals
Tenth Circuit

May 19, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JEROME LYNN HOLLY,

      Petitioner - Appellant,

v.

ERASMO BRAVO,

      Respondent - Appellee.

No. 14-2184
(D.C. No. 1:12-CV-00952-MCA-WPL)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BACHARACH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Jerome Lynn Holly was convicted of first-degree murder and attempted first-degree murder following a jury trial in New Mexico. On January 29, 2009, the New Mexico Supreme Court affirmed his convictions, and he did not seek further direct review. He then waited nearly two years to file two successive state habeas petitions challenging his convictions. After these state petitions were denied, he eventually filed the federal habeas petition underlying this appeal. The magistrate

---

[*]    After examining the briefing and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

judge noted the facial untimeliness of the petition, but granted Mr. Holly a hearing on equitable tolling and appointed the federal public defender to proceed on his behalf.[1] The district court ultimately adopted the magistrate judge's recommendation to deny equitable tolling and dismiss the petition as barred by the one-year deadline in 28 U.S.C. § 2244(d). Seeking to appeal that determination, Mr. Holly's counsel has submitted a brief including a request for a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253(c). We grant a COA and, upon full consideration of the arguments in Mr. Holly's appeal brief, affirm the order of the district court.

Because the district court's ruling rested on procedural grounds, Mr. Holly must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In applying this standard, we are mindful that "a COA does not require a showing that the appeal will succeed." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). While the matter is close, we conclude that the issue of equitable tolling here is "'adequate to deserve encouragement to proceed

---

[1]    The magistrate judge calculated that the one-year limitations period for commencing federal habeas proceedings expired on May 14, 2010. Mr. Holly does not dispute that determination. Because this deadline passed some nineteen months before he first filed for state habeas relief, the provision in § 2244(d)(2) tolling the limitations period during the pendency of an application for state post-conviction or other collateral review never came into play. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Thus, Mr. Holly must rely on equitable tolling principles to save his belatedly filed habeas petition.

further'" under the *Slack* standard. *Id.* at 336 (quoting *Slack*, 529 U.S. at 484). We therefore grant a COA and proceed to the merits of the appeal in light of Mr. Holly's appellate brief.[2]

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Thus, "equitable tolling is appropriate only in rare and exceptional circumstances." *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (internal quotation marks omitted). The magistrate judge discussed at length the circumstances surrounding Mr. Holly's delay and his unpersuasive attempt to excuse that delay by attributing it all to the inaction of one of his attorneys rather than his own failure to pursue his rights diligently. Without repeating that entire discussion, we set out those salient facts that convince us of the correctness of the district court's decision.

Mr. Holly hired attorney Gary Hill to represent him through trial, appeal, and any subsequent proceedings. Mr. Hill contracted with another attorney to handle the trial, did not appear for sentencing, and allowed a public defender to handle the appeal. In his federal habeas petition, Mr. Holly gave a very specific excuse for his years of delay in challenging his conviction following his appeal: Mr. Hill told him

---

[2] Because we conclude that the arguments advanced by Mr. Holly ultimately do not warrant appellate relief, we have not ordered the respondent to file an answer brief.

he had filed a motion for rehearing, after which Mr. Hill failed to answer or return his calls. Mr. Holly's testimony at the evidentiary hearing was different and much more vague. He stated that as a general matter Mr. Hill never explained what he was going to do and that he (Mr. Holly) never asked for such explanations. Mr. Hill just gave broad assurances that he would get Mr. Holly released, possibly by hiring yet another attorney to work on his case. As for the rehearing motion in particular, Mr. Holly testified that his public defender had mentioned possibly considering such a motion and that Mr. Hill had led him to believe that Mr. Hill was going to call the public defender to discuss that. The public defender, who testified at the evidentiary hearing, denied making any comments about a possible rehearing motion—a point supported by contemporaneous notes the public defender kept. In any event, after the time for rehearing passed and the appellate mandate issued, the public defender sent a letter to Mr. Holly informing him that with the issuance of the mandate the appeal was officially over and that state and federal habeas proceedings were his remaining means of challenging his conviction.

The public defender also explained to Mr. Holly the time limits on seeking federal habeas relief. Yet, as far as Mr. Holly's testimony indicates, Mr. Holly never discussed these time limits with Mr. Hill, never directed Mr. Hill to file a state or federal habeas petition, was never told that Mr. Hill had filed a petition, and indeed never even asked whether Mr. Hill had filed or would file a petition. Nor did Mr. Holly contact the courts to make any inquiries in this regard or otherwise take

- 4 -

steps to ensure specifically that Mr. Hill was acting to preserve his right to file for habeas relief.  He simply relied on vague assurances that Mr. Hill was in some unspecified fashion working on his case.  Over time Mr. Hill became more and more reclusive.  Eventually, some two and a half years after his conviction had been affirmed on appeal, Mr. Holly began pursuing state habeas relief himself.  Following the failure of his second state petition, he belatedly commenced the instant federal habeas proceeding.

Mr. Holly contends that these circumstances warrant equitable tolling of the habeas limitations period, citing a number of cases in which equitable tolling was deemed warranted, or at least arguably warranted, based on counsel's failure to timely pursue postconviction remedies.  But the circumstances noted above sharply distinguish Mr. Holly's situation from those in the cited cases, where counsel failed to pursue particular remedies to preserve habeas rights *as specifically promised* to petitioners *who made affirmative efforts to see that those specific promises were kept*. *Cf. Holland*, 560 U.S. at 636-43; *Fleming*, 481 F.3d at 1255-57; *Doe v. Busby*, 661 F.3d 1001, 1009-10, 1012-13 (9th Cir. 2011); *United States v. Martin*, 408 F.3d 1089, 1090-91 (8th Cir. 2005); *Spitsyn v. Moore*, 345 F.3d 796, 798 (9th Cir. 2003); *United States v. Wynn*, 292 F.3d 226, 228-29 (5th Cir. 2002).  Mr. Holly emphasizes that he remained in general contact with Mr. Hill, in part through two mutual friends, but the vagary of his communication with Mr. Hill—whom he (and the friends)

deliberately avoided asking specific questions—undercuts its import for purposes of demonstrating diligence and reasonable reliance.

Mr. Holly characterizes Mr. Hill as a friend and contends that this justified his inattentive reliance on Mr. Hill. He cites no authority holding that misplaced or undue professional reliance may be excused for such personal reasons. In any event, he did not make this argument in his objections to the magistrate judge's recommendation and we deem the point forfeited under our firm waiver rule. *See Gardner v. Galetka*, 568 F.3d 862, 871 (10th Cir. 2009). *See also United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012) (adhering to general waiver rules in deciding request for COA). Mr. Holly also contends that counsel's failure to provide his case file when he decided to pursue state habeas relief is a separate act of unprofessionalism lending additional support to his argument for equitable tolling. This point was likewise omitted from his objections to the magistrate judge's recommendation. We further note that, given the expiration of the federal habeas limitations period well before Mr. Holly began work on his state habeas petition, counsel's failure to turn over the file did not adversely affect, much less prevent, his ability to timely file the habeas petition, as required by *Holland*, 560 U.S. at 649.

The request for COA is granted and the order of the district court is affirmed.

Entered for the Court


John C. Porfilio
Circuit Judge

- 6 -