FILED
United States Court of Appeals
Tenth Circuit

March 8, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL KRAUS,

Petitioner - Appellant,

v.

JAMES HEIMGARTNER; ATTORNEY
GENERAL OF KANSAS,

Respondents - Appellees.

No. 16-3325
(D.C. No. 5:16-CV-03192-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

Michael Kraus kidnapped and murdered Michael High, apparently over drug

money.  He was convicted by a Kansas jury of felony murder and aggravated kidnapping

in 1999.  He was sentenced to life imprisonment for the murder and 184 months for the

kidnapping.[1]  In July 2001, the Kansas Supreme Court affirmed his convictions and

sentences on direct appeal.  *See State v. Kraus*, 26 P.3d 636 (Kan. 2001).

Over five years later, in November 2006, Kraus filed a motion for a new trial

_____

[1] Kraus must serve a minimum of 15 years in prison for the murder before he is
eligible for parole.  The kidnapping sentence was ordered to run consecutive to the
murder sentence.

based on newly discovered evidence. The state trial court treated the motion as a petition for post-conviction relief. For some unknown reason, the court did not act on the petition. During the period of inactivity (in September 2009), Kraus filed an amended petition for post-conviction relief. Later both the original and amended petition were dismissed as untimely. The Kansas Court of Appeals affirmed on May 1, 2015; in doing so, it rejected his actual innocence claim and his attempt to blame his attorney for the late filings. *See Kraus v. State*, No. 111264, 2015 WL 2131632 (Kan. Ct. App. May 1, 2015).

On September 12, 2016, Kraus filed his 28 U.S.C. § 2254 habeas petition raising three claims: (1) prosecutorial misconduct; (2) actual innocence; and (3) ineffective assistance of trial counsel. The district judge *sua sponte* dismissed the petition as untimely. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."). He concluded Kraus's convictions became final on October 13, 2001, when the time to seek certiorari review in the United States Supreme Court expired.[2] 28 U.S.C. § 2244(d)(1)(A). Kraus had one year (until October 2002) in which to file his § 2254 petition. *Id*. It eventually came, but almost 14 years later. The judge decided he was not eligible for statutory tolling under 28 U.S.C. § 2244(d)(2)

---

[2] *See* Rule 13.1, Rules of the United States Supreme Court (requiring certiorari petitions to be filed within 90 days after entry of judgment); *see also Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding "a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until—following a decision by the state court of last resort—after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed") (quotation marks omitted).

because his state petitions for post-conviction relief were filed after the federal limitations had already expired. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year [limitations period] will toll the statute of limitations."). Nor was he entitled to equitable tolling—although the form § 2254 petition directed Krause to explain why the statute of limitations did not bar his claims if his convictions became final over one year ago, he provided nothing.

Kraus sought a certificate of appealability (COA) in order to appeal from the dismissal. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The district judge denied a COA so he renews his request here.

To obtain a COA, Kraus must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court's ruling rests on procedural grounds, he must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Relying on *Day*, the judge, *sua sponte,* dismissed the petition as untimely. 547 U.S. at 209. *Day* permits a trial court to consider the timeliness of a § 2254 petition *sua sponte*. *Id*. But "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Id*. at 210. Kraus was not afforded such an opportunity.

Be that as it may, the judge also concluded Kraus was not entitled to equitable tolling of the limitations period because he had not raised any grounds for equitable

tolling in his petition (even though the form petition specifically required him to do so). The problem with that is "a § 2254 petitioner does not bear a heightened burden of pleading timeliness in his application." *Kilgore v. Attorney Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008). Accordingly, a "district court cannot dismiss a habeas petition as untimely unless untimeliness is clear from the face of the petition, or unless the state establishes untimeliness as an affirmative defense." *Id*. at 1085. Kraus's petition clearly reveals it was not filed within the one-year limitations period and statutory tolling does not apply. However, it does not on its face foreclose the possibility of equitable tolling. And the judge did not afford him an opportunity to present any grounds for equitable tolling. *Cf. Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009) ("[A] district court may not *sua sponte* dismiss a prisoner's § 1983 action on the basis of the statute of limitations unless it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue.").

Interestingly, Kraus does not specifically complain about the procedural irregularities. Rather, his only arguments attempt to excuse the time-bar: (1) his attorney was ineffective for not filing his state post-conviction petition sooner and for not informing him of the deadline for filing the petition; (2) he is actually innocent, and (3) his pro se status entitles him to relief from the time-bar. That said, we extend a reasonably solicitous reading of pro se filings and, although he does not clearly label them, his arguments speak to equitable tolling of the limitations period. *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010) (§ 2244(d)'s statute of limitations "is subject to

- 4 -

equitable tolling" if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing") (quotation marks omitted). Solicitude ends with a fair reading of the arguments; it does not presage a result. Kraus is not entitled to equitable tolling.[3]

*Ineffective Assistance of State Post-Conviction Counsel*

While there is no constitutional right to an attorney in state post-conviction proceedings, *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991), serious misconduct by post-conviction counsel may warrant equitable tolling. *See, e.g., Holland*, 560 U.S. at 651-52. On the other hand, "a garden variety claim of excusable neglect" by post-conviction counsel does not. *Id*. (quotation marks omitted).

Correspondence between Kraus and his attorney shows, at most, a

---

[3] In *Vasquez Arroyo*, we reversed and remanded a judge's *sua sponte* dismissal of a § 1983 complaint on statute of limitations grounds because it was not clear from the face of the complaint that tolling was not applicable and the judge did not provide the plaintiff an opportunity to address the issue. 589 F.3d at 1098. A remand is not necessary in this case. Vasquez Arroyo's appellate filings provided no arguments for tolling; indeed, we *sua sponte* suggested tolling may be applicable. 589 F.3d at 1097; *id*. at 1098 (Briscoe, J., concurring in part, dissenting in part). Therefore, there was nothing for us to review. To the contrary, Kraus raises grounds for equitable tolling in his COA application.

Moreover, after *Vasquez Arroyo*, the Supreme Court decided an appellate court, like a district court, may *sua sponte* dismiss a habeas petition as untimely unless the State has waived the issue. *Wood v. Milyard*, 566 U.S. 463, 132 S. Ct. 1826, 1834-35 (2012) ("[C]ourts of appeals, like district courts, have the authority—though not the obligation—to raise a forfeited timeliness defense on their own initiative."). There is no waiver in this case. We can, therefore, *sua sponte* address the untimeliness issue, including equitable tolling. And, unlike the judge's *sua sponte* dismissal in this case, our *sua sponte* review is not without notice or an opportunity to respond—the dismissal order placed Kraus on notice and he has addressed the untimeliness/equitable tolling issue in his COA application.

misunderstanding between the two as to the filing of a state post-conviction petition.[4] That is not enough, especially where Kraus waited two years to correct it and offers no explanation for not doing so sooner. *Kraus*, 2015 WL 2131632, at *2. Diligence is required. *Holland*, 560 U.S. at 649.

Moreover, Kraus's first letter to his attorney is dated November 2002, one month after the federal limitations period had already expired. *See Holly v. Bravo*, 612 F. App'x 922, 925 (10th Cir. 2015) (unpublished) (counsel's failure to turn over case file to allow Holly to pursue state habeas relief did not constitute grounds for equitable tolling because the federal limitations period had expired well before Holly began work on his state habeas petition).

Finally, the claimed failure of counsel to tell Kraus the deadline for filing his <u>state</u> habeas petition provides no excuse for his failure to meet the deadline for filing his <u>federal</u> habeas petition. Even had he timely filed his state habeas petition (he had until June 2004), his federal petition would not necessarily have been timely (it was due in October 2002). *See Floyd v. Ploughe*, 507 F. App'x 771, 773 (10th Cir. 2013)

---

[4] Kraus did not provide the correspondence with his COA application. Nevertheless, the Kansas Court of Appeals addressed it in its decision affirming the dismissal of his post-conviction petitions as untimely. *Kraus*, 2015 WL 2131632, at *2. The correspondence revealed: (1) on November 19, 2002, Kraus allegedly wrote a letter to his attorney informing him that he wanted to review anything prior to it being filed; (2) on January 17, 2003, the attorney told Kraus he was "under the impression" that he was not to file a petition until he received a draft from Kraus; and (3) on February 11, 2005, Kraus told the attorney he was still gathering evidence for his petition and would be done soon and expressed frustrations with impediments he faced in the collection of evidence, none of which were attributable to his attorney. *Kraus*, 2015 WL 2131632, at *2.

(unpublished) (rejecting argument that equitable tolling was warranted because state petitions for post-conviction relief were timely; "[t]he time that state courts provide for filing state post-conviction motions . . . does not extend the time to file a federal habeas action").

*Actual Innocence*

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or  . . . expiration of the statute of limitations." *See McQuiggin v. Perkins*, --- U.S. ---, 133 S. Ct. 1924, 1928 (2013). But actual innocence claims are rarely successful. *Id.*; *see also Schlup v. Delo*, 513 U.S. 298, 324 (1995).  This case is no exception.

Kraus claims he did not kill High but blames Danny Eaton and Andrew Rivera. He says Eaton and Rivera's girlfriends said so, Eaton himself confessed to police, and a jailhouse informant heard Eaton and Rivera confess.  But a viable claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324; *see also Perkins*, 133 S. Ct. at 1928 ("A petitioner does not [establish actual innocence] unless he persuades the district court that, *in light of the new evidence*, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.") (quotation marks omitted) (emphasis added).  Kraus provides no evidence supporting his actual innocence claim, only bare assertions.

He did present to the state courts an affidavit from the jailhouse informant dated

September 8, 2002. Yet he did not provide it until 2006 and did not explain the four-year delay. Such unjustifiable delay undermines the credibility of his actual innocence claim. *Perkins*, 133 S. Ct. at 1928, 1935-36. This is especially true in light of the "overwhelming" evidence of guilt presented at trial, which included a taped conversation in which Kraus told a confidential informant he had to "blow away" someone the previous night and the person was outside in the back of a pickup truck. *Kraus*, 2015 WL 2131632, at *3 (quotation marks omitted). High's body was found in a wooden box secured to the back of a pickup truck.

*Pro Se Status*

We easily dispose of this issue. "[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quotation marks omitted).

Because the result reached by the district judge is not reasonably debatable, we **DENY** a COA and **DISMISS** this matter.

The district judge allowed Kraus to proceed on appeal without prepayment of fees (*in forma pauperis* or *ifp*). But only prepayment is excused, *see* 28 U.S.C. § 1915(a). Kraus is required to pay all filing ($5.00) and docketing fees ($500.00). Payment must be made to the Clerk of the District Court.


**Entered by the Court:**


**Terrence L. O'Brien**
United States Circuit Judge

- 8 -