UNITED STATES COURT OF APPEALS **September 3, 2009**

**TENTH CIRCUIT**

KEVIN SATTERFIELD,

Petitioner - Appellant,

v.

KEVIN MILYARD, Warden; JOHN
SUTHERS, The Attorney General of the
State of Colorado,

Respondents - Appellees.

No. 09-1079
(D. Ct. No. 1:08-CV-02512-ZLW)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Kevin Satterfield, a state prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal from the dismissal of his habeas petition brought under

28 U.S.C. § 2254.  The district court dismissed the petition as untimely under 28 U.S.C.

§ 2244(d).  We take jurisdiction under 28 U.S.C. § 1291, DENY Mr. Satterfield's request

for a COA, and DISMISS this appeal.

## I.  BACKGROUND

Mr. Satterfield pleaded guilty in Colorado state court to two counts of aggravated

---

[*]This order is not binding precedent except under the doctrines of law of the case,
res judicata and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

robbery and to one count of a crime of violence on June 2, 2004. He did not file a direct appeal. Mr. Satterfield did file a letter with the state trial court on August 29, 2005, which the court construed as a motion for a reduction of sentence filed pursuant to Colo. R. Crim. P. 35(b) and denied on October 24, 2005. Mr. Satterfield's petition for reconsideration of the denial of his motion for reduction of sentence was denied on November 17, 2005. He filed a Colo. R. Crim. P. 35(c) postconviction motion on November 30, 2005,[1] that was denied on March 2, 2006. The Colorado Court of Appeals affirmed the trial court's denial and the Colorado Supreme Court denied a writ of certiorari on December 31, 2007.

Mr. Satterfield filed his petition for a writ of habeas corpus on November 19, 2008. On December 5, 2008, Respondents filed a pre-answer response limited to the issues of timeliness and exhaustion of state court remedies. The district court denied Mr. Satterfield's petition as barred by the one-year limitation period, and he now seeks a COA.

## II. DISCUSSION

A § 2254 petitioner may not appeal from a final order in a habeas proceeding without first obtaining a COA. 28 U.S.C. § 2253(c)(1)(A). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When the district court denies the petitioner's claim on the merits, "[t]he

---

[1]The respondents contend that Mr. Satterfield filed his Colo. R. Crim. P. 35(c) motion on February 28, 2006. We need not resolve this issue because, as we explain below, the period of limitation expired prior to either of the dates advanced by the parties.

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When, as here, the petition is denied on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

A "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Subject to exceptions not applicable here, "the limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Under Colorado law, a criminal defendant has forty-five days after entry of judgment to file a notice of appeal. Colo. App. R. 4(b)(1). Judgment was entered against Mr. Satterfield on June 2, 2004; therefore, Mr. Satterfield had until July 19, 2004 to file a notice of appeal. *See* Colo. App. R. 26(a) (providing that the computation of time shall include weekends and holidays when the time prescribed is eleven or more days, but shall not include those days when it is the last day of the prescribed period). Because he did not file a direct appeal, the limitation period for filing a habeas petition began to run on July 19, 2004.

Mr. Satterfield contends that the one-year limitation period did not begin to run until ninety days after his time to file a direct appeal in Colorado state court expired. He cites this court's holding in *Locke v. Saffle*, 237 F.3d 1269 (10th Cir. 2001) for support.

In *Locke*, we held that the limitation period does not begin to run until "after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." *Id.* at 1273 (quotations omitted); *see also* S. Ct. R. 13.1 (providing for a ninety-day period following the state judgment to petition for a writ of certiorari). The additional time allotted in *Locke*, however, only applies "following a decision by the state court of last resort." *Locke*, 237 F.3d at 1273. Because Mr. Satterfield did not appeal his conviction, there was no decision by the state court of last resort. Thus, he could not have sought certiorari review from the United States Supreme Court and was not entitled to the ninety-day extension. *See id.*; *see also* 28 U.S.C. § 1257(a) ("Final judgments or decrees *rendered by the highest court of a State in which a decision could be had*, may be reviewed by the Supreme Court by writ of certiorari") (emphasis added).

Because Mr. Satterfield did not file a direct appeal, the limitation period began running on July 19, 2004 and expired one year later on July 18, 2005, absent statutory or equitable tolling exceptions. Although the pendency of "post-conviction or other collateral review" tolls the limitation period, *see* 28 U.S.C. § 2244(d)(2), Mr. Satterfield did not pursue post-conviction relief until August 29, 2005, more than a month after the limitation period expired. Furthermore, equitable tolling is appropriate only in extraordinary situations, and the petitioner bears the burden of demonstrating that it is appropriate. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). We agree with the district court that Mr. Satterfield failed to show that equitable tolling is appropriate in his

- 4 -

case.  Because Mr. Satterfield did not file his habeas petition within the one-year statutory limitation period articulated in § 2244(d), the district court properly denied his petition.

### III.  CONCLUSION

Reasonable jurists could not debate whether the district court was correct to dismiss Mr. Satterfield's habeas petition as untimely.  Accordingly, we DENY Mr. Satterfield's request for a COA and DISMISS this appeal.  We GRANT his request to proceed in forma pauperis on appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge