FILED
United States Court of Appeals
Tenth Circuit

July 15, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LARUE ANTONIO JONES,

    Petitioner - Appellant,

v.

ROBERT PATTON, Director, Oklahoma
Department of Corrections,

    Respondent - Appellee.

No. 15-6068
(D.C. No. 5:14-CV-00384-C)
(W.D. Oklahoma)

_____

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Larue Antonio Jones, an Oklahoma state prisoner proceeding pro se,[1] seeks a

certificate of appealability ("COA") to appeal the district court's dismissal of his 28

U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to

appeal the denial of a habeas application). The district court dismissed the petition as

untimely under 28 U.S.C. § 2244(d). Mr. Jones also requests leave to proceed *in*

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Jones is proceeding pro se, we construe his filings liberally. *See
Erickson v. Pardus,* 551 U.S. 89, 94 (2007). "[T]his rule of liberal construction stops,
however, at the point at which we begin to serve as his advocate." *United States v.
Pinson,* 584 F.3d 972, 975 (10th Cir. 2009).

*forma pauperis*. Exercising jurisdiction under 28 U.S.C. § 1291, we deny both requests and dismiss this matter.

## I.     BACKGROUND

Mr. Jones pled guilty in Oklahoma state court to one count of first-degree murder (count 1), one count of kidnapping (count 2), and one count of possession of a controlled dangerous substance with intent to distribute (count 3). On October 16, 2001, Mr. Jones received consecutive sentences of imprisonment for life without parole for count 1, imprisonment for ten years for count 2, and imprisonment for life for count 3. Mr. Jones did not apply to withdraw his guilty plea within ten days of sentencing, and thus did not directly appeal his conviction or sentence.

On August 30, 2002, Mr. Jones filed an "Application for Post-Conviction Relief and Appeal out of Time" (hereinafter "State PCR Application") in Grady County District Court. The state district court took no action for over ten years, until Mr. Jones successfully moved to supplement the State PCR Application. Ultimately the Grady County District Court denied Mr. Jones' State PCR Application on August 20, 2013. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed that decision on December 12, 2013.

On April 11, 2014, Mr. Jones filed the 28 U.S.C. § 2254 habeas petition underlying this proceeding in the United States District Court for the Western District of Oklahoma. A magistrate judge reviewed Mr. Jones' petition and recommended that it be dismissed as untimely. Over Mr. Jones' objection, the district court adopted the magistrate judge's report and recommendation in its entirety and dismissed Mr.

2

Jones' petition as barred by the one-year limitation period applicable to § 2254 petitions. Mr. Jones now seeks a COA.

## II. DISCUSSION

A COA is a jurisdictional prerequisite to appellate review of the district court's decision to dismiss a § 2254 petition. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006). To obtain a COA, Mr. Jones must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court's decision to dismiss Mr. Jones' petition as untimely rested on procedural grounds, Mr. Jones must "demonstrate both that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Clark*, 468 F.3d at 713 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. "We review the district court's factual findings for clear error and its legal conclusions *de novo*." *Clark*, 468 F.3d at 714.

A one-year period of limitation applies to "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one-year limitation period runs from the latest of four possible accrual dates. *See id.* One is relevant to Mr. Jones' petition: "the date on which the

3

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). If a defendant does not timely move to withdraw a guilty plea or file a direct appeal, Oklahoma criminal convictions become final ten days after sentencing. *See* Okla. Stat. tit. 22 § 1051; Okla. R. Crim. App. 4.2; *Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012); *Clark*, 468 F.3d at 713. In contrast, if a defendant appeals to the Oklahoma Court of Criminal Appeals— the court of last resort for criminal cases in Oklahoma—then his conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin until "the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (emphasis omitted).

When a petitioner properly files an "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim," the one-year limitation period is tolled while the application "is pending." 28 U.S.C. § 2244(d)(2). After denial of state post-conviction relief, however, § 2244(d)(2) does not toll § 2244(d)(1)'s limitation period during the pendency of a petition for certiorari to the United States Supreme Court, or during the period of time in which a petitioner can file a petition for a writ of certiorari. *Lawrence v. Florida*, 549 U.S. 327, 332–37 (2007).

Mr. Jones was sentenced on October 16, 2001. Because he did not timely apply to withdraw his guilty plea, his conviction became final on Friday, October 26,

2001,[2] at which point the one-year limitation period began to run. Mr. Jones' failure

to appeal to the OCCA meant that he could not seek certiorari review from the United

States Supreme Court, and he therefore is not entitled to a 90-day extension to file a

petition for certiorari. *See* 28 U.S.C. § 1257(a) ("Final judgments or decrees *rendered*

*by the highest court of a State in which a decision could be had*, may be reviewed by

the Supreme Court by writ of certiorari") (emphasis added); *Locke*, 237 F.3d at 1273;

*Satterfield v. Milyard*, 343 F. App'x 372, 373–74 (10th Cir. 2009) (unpublished).[3] As

a result, the limitation period for Mr. Jones to file an application for a writ of habeas

corpus was due to expire one year later, on October 27, 2002.[4]

---

[2] Mr. Jones filed a letter seeking to withdraw his plea in a letter dated December 26, 2001, which was denied by the District Court for Grady County on December 27, 2001. This untimely attempt to withdraw his guilty plea did not prevent his judgment from becoming final. *See Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006); *Hicks v. Kaiser*, No. 99-63-2, 2000 WL 27694, at *1 (10th Cir. Jan 14, 2000) (unpublished). And even if Mr. Jones' letter did toll the § 2244(d)(1) period by virtue of § 2244(d)(2), the single additional day during which the untimely petition to withdraw his plea was pending does not affect the outcome of our analysis.

[3] Although not precedential, we find the reasoning of unpublished opinions instructive. *See* 10th Cir. R. 32.1 ("Unpublished opinions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

[4] The district court assumed, *arguendo*, that the limitation period began running one month later by using the start date from 28 U.S.C. § 2244(d)(1)(D), which starts the limitation period on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Mr. Jones' petition claims that his counsel was ineffective for failing to appeal, but Mr. Jones did not contend that he was unaware of the deadline for withdrawing his guilty plea or present any reason why his counsel's alleged failure could not have been discovered shortly after October 26, 2001. Nonetheless, the district court provided Mr. Jones with the benefit of the doubt by assuming that he could not have discovered that his counsel failed to appeal for an additional month.

5

On August 30, 2002, Mr. Jones filed his State PCR Application in Grady County District Court, with 59 days remaining in the § 2244(d)(1) limitation period. This tolled his limitation period so long as the State PCR Application was "pending." 28 U.S.C. § 2244(d)(2). On December 12, 2013, the OCCA affirmed the denial of the State PCR Application. Thus the limitation period began to run the next day. *See Lawrence*, 549 U.S. at 337 (holding that § 2244(d)(2)'s tolling ceases once a state court of last resort issues a decision, and that tolling does not continue during any potential federal certiorari process). Mr. Jones filed his federal habeas petition on April 11, 2014, well over 59 days after December 12, 2013. Thus his petition is untimely under 28 U.S.C. § 2244(d)(1).[5]

Mr. Jones claims the limitations period should be tolled an additional 90 days, to reflect the period in which he could have petitioned the United States Supreme Court for certiorari review of the OCCA's December 12, 2013, decision. Mr. Jones argues that his State PCR Application was actually a petition to reinstate direct review, not a post-conviction petition, and that the Oklahoma courts granted his petition and reinstated direct review. If a state court reopens direct review of a

---

Because this additional time does not affect our analysis, and because Mr. Jones' request for a COA assumes that the limitation period began running on October 27, 2001, we conduct our analysis using § 2244(d)(1)(A) rather than § 2244(d)(1)(D).

[5] Mr. Jones does not allege that equitable tolling applies. Even if he did, equitable tolling is appropriate only in extraordinary situations, and the petitioner bears the burden of demonstrating that it is appropriate. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). We agree with the district court and magistrate judge that equitable tolling is not appropriate in this case.

6

petitioner's conviction as a result of a post-conviction petition, the federal habeas limitations period is reset. *See Jimenez v. Quarterman*, 555 U.S. 113, 118–20 (2009). In that case, a petitioner might benefit from the 90-day window during which he may file a petition for certiorari. *See Locke*, 237 F.3d at 1273.

Unfortunately for Mr. Jones, neither the Grady County District Court nor the OCCA granted him permission to initiate a direct appeal out of time. While Mr. Jones' State PCR Application was titled an "Application for Post-Conviction Relief and Appeal out of Time" and Mr. Jones requested that his direct appeal be reinstated, the Oklahoma courts did not grant him that relief. In denying his State PCR Application, the Grady County District Court expressly denied Mr. Jones the right to appeal out of time. The OCCA affirmed that decision, denying Mr. Jones' request for post-conviction relief and refusing to conduct a direct review of his conviction. Although the OCCA did grant Mr. Jones leave to supplement his State PCR Application, this procedural ruling did not allow Mr. Jones to reopen direct review of his conviction.

Because Mr. Jones did not file his federal habeas petition within the one-year statutory limitation period articulated in § 2244(d), the district court properly denied his petition.

## III.   CONCLUSION

Reasonable jurists could not debate whether the district court was correct to dismiss Mr. Jones' habeas petition as untimely. Accordingly, we DENY Mr. Jones'

request for a COA and DISMISS this appeal. We also DENY his request to proceed *in forma pauperis* on appeal.

Entered for the Court


Carolyn B. McHugh
Circuit Judge