**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**September 8, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

TIMOTHY FITZGERALD TOLLIVER,

Petitioner - Appellant,

v.

CAMERON HARVANEK,

Respondent - Appellee.

No. 24-6184
(D.C. No. 5:24-CV-00104-PRW)
(W.D. Okla.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY*
_____

Before **HARTZ**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Timothy Fitzgerald Tolliver seeks a certificate of appealability (COA) to appeal

the district court's denial of his application for relief under 28 U.S.C. § 2254 as untimely.

Because no reasonable jurist could conclude that the application was timely, we deny a

COA and dismiss this matter.

### I.   Background

Tolliver pleaded guilty in state court to four felony charges on April 9, 2021.  A

few days later, he filed a letter that the state district court construed as a motion to

withdraw the plea (the Motion).  On April 20 the state district court held a hearing on the

---

* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Motion, during which Tolliver withdrew the Motion. The state district court gave Tolliver an additional 10 days (until April 30, 2021) to file a renewed motion to withdraw his plea. He did not do so within the 10-day window.

In July 2022, more than a year after his conviction and the withdrawal-of-plea proceedings, Tolliver filed a renewed motion to withdraw his plea (the Renewed Motion). The state district court denied the Renewed Motion the following January. In April 2023 Tolliver sought review in the Oklahoma Supreme Court, which transferred the matter to the Oklahoma Court of Criminal Appeals (OCCA). The OCCA dismissed the appeal for lack of jurisdiction.

In June 2023 Tolliver returned to the state district court and sought postconviction relief to file an untimely appeal. The state district court denied the request in July 2023. Tolliver appealed that decision to the OCCA, which affirmed the denial in February 2024.

Meanwhile, Tolliver filed a § 2254 application in federal district court in January 2024. The magistrate judge issued a report and recommendation concluding that the time for Tolliver to file a § 2254 application expired in May 2022—one year after Tolliver's conviction became final in state court. But Tolliver did not file the application until January 2024, rendering it untimely unless he was entitled to tolling. The magistrate judge determined that statutory tolling was not available because Tolliver's various postconviction pleadings in state court were filed after the expiration of the time permitted for filing a § 2254 application, and the magistrate judge observed that Tolliver

2

did not argue that he was entitled to equitable tolling. Hence, the magistrate judge recommended that the § 2254 application be dismissed as untimely.

Tolliver timely objected to the report and recommendation. Relevant to this appeal, he argued that he met the criteria for equitable tolling because any procedural deficiencies in state court were caused by constitutionally ineffective assistance of his counsel.

After reviewing the magistrate judge's report and recommendation and Tolliver's objections, the district court concluded that Tolliver had not shown that extraordinary circumstances prevented his timely filing of the § 2254 application and that any state-court procedural defects were irrelevant to the AEDPA time bar. The district court adopted the report and recommendation, dismissed the § 2254 application, and denied a COA.

## II. Discussion

### a. Timeliness

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires an applicant for relief under § 2254 to obtain a COA to appeal a denial of relief. *See* 28 U.S.C. § 2253(c)(1)(A). We can issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). When the district court denies a § 2254 application on procedural grounds, the applicant must show that "jurists of reason would find it debatable whether the [application] states a valid claim of the denial of a constitutional right and that jurists of reason would find it

3

debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Under AEDPA a state prisoner must file a § 2254 application within a one-year limitation period. *See* 28 U.S.C. § 2244(d)(1). The period begins to run on the latest of certain dates set forth in the provision's subsections. *See* § 2244(d)(1)(A)-(D). The only date relied on by Tolliver is the date on which the judgment became final under state law. *See* § 2254(d)(1)(A). In Oklahoma, absent an appeal to the OCCA, a conviction from a guilty plea becomes final 10 days after sentencing. *See Jones v. Patton*, 619 F. App'x 676, 678 (10th Cir. 2015); Okla. Stat. tit. 22, § 1051(A); Rule 4.2, Okla. Stat. tit. 22, ch. 18 app.

Tolliver filed his § 2254 application more than 20 months after the limitations period expired. Thus, absent tolling, the application was untimely.

### b. Equitable Tolling

In "rare and exceptional circumstances," a § 2254 applicant may be entitled to equitable tolling. *Sigala v. Bravo*, 656 F.3d 1125, 1127 (10th Cir. 2011) (internal quotation marks omitted). An applicant "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 1128 (internal quotation marks omitted).

Tolliver argues that he diligently pursued his remedies. We disagree.

After the hearing on Tolliver's Motion, where he withdrew the Motion, the state district court provided Tolliver with an additional 10 days to renew it. Tolliver waited

4

nearly 15 months to file the Renewed Motion—several months after the time to file a § 2254 application expired. *See* 28 U.S.C. § 2244(d)(1)(A). Such delay is inconsistent with a claim of diligent pursuit of available remedies.

Tolliver also does not present any extraordinary circumstances that prevented timely filing. He asserts only that he was prevented from attending the withdrawal-of-plea hearing. But he provides no record citations in support. Therefore, Tolliver did not satisfy his obligations under Federal Rule of Appellate Procedure 28. *See* Fed. R. App. P. 28(a)(8)(A); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("Consistent with [the requirement in Rule 28(a)(8)(A)], we routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."). In any event, the record shows that he (1) was represented by counsel and (2) signed a document withdrawing the Motion. No reasonable jurist would debate whether the district court correctly concluded that Tolliver was not entitled to equitable tolling.

### III. Conclusion

We deny a COA and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

5