**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 30, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RICHARD SIGALA,

          Petitioner-Appellant,

v.

ERASMO BRAVO, Warden, and
GARY K. KING, Attorney General for
the State of New Mexico,

          Respondents-Appellees.

No. 11-2007

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. NO. 6:10-CV-00540-LH-WDS)**

---

*Submitted on the brief*[*]:

Richard Sigala, Santa Rosa, New Mexico, pro se Petitioner-Appellant.

Margaret Elizabeth McLean, Office of the Attorney General of the State of New
Mexico, Santa Fe, New Mexico, for Respondents-Appellees.

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

    [*] No brief was filed on behalf of the Respondents-Appellees pursuant to
10th Cir. R. 22.1(B). After examining the Petitioner-Appellant's brief and the
appellate record, this three-judge panel has determined unanimously that oral
argument would not be of material assistance in the determination of this appeal.
*See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument.

**TYMKOVICH**, Circuit Judge.

Richard Sigala, a New Mexico state prisoner, seeks a certificate of appealability (COA) to enable him to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus as time-barred. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we construe Sigala's filings liberally because he is proceeding pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). Nonetheless, no reasonable jurist could conclude the district court's dismissal was incorrect. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, we DENY the application for a COA and DISMISS the appeal.

## I. Background

After a jury convicted Sigala of first-degree murder, armed robbery, tampering with evidence, and conspiracy, a New Mexico state court imposed a total sentence of life plus eleven years' imprisonment, followed by two years of statutory parole. Represented by counsel, Sigala appealed his convictions. The New Mexico Supreme Court vacated Sigala's conviction for armed robbery but affirmed his other convictions in all aspects. On April 8, 2005, a New Mexico state court issued an amended judgment and sentence. Because Sigala's armed-robbery sentence ran concurrently with his murder sentence, Sigala's total

sentence remained unchanged, except he received only one year of statutory parole.

Three years passed. Then in July 2008, Sigala filed a habeas petition in New Mexico state court. Eleven months later, he filed an amended petition, which the state court denied. In March 2010, Sigala filed a second or successive application for a habeas petition; the state court dismissed it on the same day it was filed. The New Mexico Supreme Court denied Sigala's petition for writ of certiorari in April 2010.

Sigala then turned to the federal courts for relief. In June 2010, he filed a pro se habeas petition in the district court. The petition came before a magistrate judge, who recommended it be dismissed with prejudice because it was filed several years after Sigala's conviction became final. The district court adopted the recommendation and dismissed the petition in January 2011.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). A COA requires the applicant to demonstrate a "substantial showing of the denial of a constitutional right." § 2253(c)(2). When the district court denies a habeas petition on procedural grounds, a COA should issue only when the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Sigala does not satisfy this standard.

A state prisoner must file his federal habeas petition within the one-year limitation period set forth in § 2244(d)(1). This period begins to run on the latest of certain dates specified in the provision's subsections; the two subsections relevant to this appeal are (A), "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," and (B), "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." § 2244(d)(1)(A), (B). The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." § 2244(d)(2). Equitable tolling of the one-year period also may be granted, but only in "rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003).

Under New Mexico law, a conviction becomes final when "all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible." *B. L. Goldberg & Assocs. v. Uptown, Inc.*, 705 P.2d 683, 684 (N.M. 1985). Here, Sigala's amended judgment and sentence was entered on

April 8, 2005 and became final thirty days later, on May 8, 2005. *See* N.M. STAT. ANN. § 39-3-3(A) (1978) (setting a 30-day limitation period for a criminal defendant to appeal, running from the entry of judgment). Thus, Sigala had until May 9, 2006 to file his federal habeas petition. *See* § 2244(d)(1)(A). And because he did not file his state habeas petition until 2008, more than two years after the limitation period ended, it cannot serve as the basis for tolling under § 2244(d)(2). *See Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001). Therefore, Sigala's federal habeas petition was untimely under § 2244(d)(1)(A).

Sigala does not dispute his convictions became final in May 2005. Instead, he claims he was never notified by defense counsel, the state court, or the district attorney that an amended judgment and sentence was entered in his case. He further claims that he was unaware of the amended judgment until June 2008. Sigala contends this failure to notify was a State-created impediment that prevented him from timely filing a federal habeas petition. Under his theory, his petition remained timely under § 2244(d)(1)(B) because the limitation period began to run in June 2008 and was tolled by the state habeas proceedings from July 2008 to April 2010.

Sigala's position is unavailing because the impediment he alleges is not "State action in violation of the Constitution or laws of the United States." § 2244(d)(1)(B). Sigala was represented by counsel throughout the direct appeal of his conviction, and the record demonstrates that New Mexico courts properly

informed his counsel of the major decisions in his case. When he filed his opening brief and COA application with this court, he included the letter the New Mexico Public Defender Department sent him enclosing the Supreme Court's decision in his case. Also, the record indicates that Sigala's counsel signed the amended judgment and sentence, and that a copy was sent via certified mail to Sigala.

Thus, the evidence casts doubt on Sigala's claim that he lacked notice of the entry of the amended judgment and sentence in his case. But regardless, the record establishes his counsel was properly notified of the final judgment. State courts do not violate the Constitution or the laws of the United States by communicating with defendants through counsel, and the alleged failure of Sigala's attorney to notify him of the amended judgment and sentence, even if true, cannot properly be "state action" attributable to New Mexico. Therefore, § 2244(d)(1)(B) does not apply to reset the limitation period in this case.

Our holding is supported by cases in other circuits, which have "rejected the argument that the one-year limitation period only begins to run from the date the petitioner actually received notice that his direct review had concluded." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011); *see also Rouse v. Lee*, 339 F.3d 238, 245 (4th Cir. 2003); *Crutcher v. Cockrell*, 301 F.3d 656, 657 (5th Cir. 2002). For example, in *San Martin*, 633 F.3d at 1266–67, the Eleventh Circuit held the defendant's AEDPA clock began to run when the Supreme

Court's denial of his petition for review was filed, not when the defendant received a copy of the denial by mail, two weeks later. The Fourth Circuit came to a similar conclusion in *Rouse*, 339 F.3d at 245–46, when it held that the "mailbox rule," then contained in Federal Rule of Civil Procedure 6(e),[1] does not extend the AEDPA limitation period when a court's final decision is sent by mail. This is because the rule "only enlarges the filing time when the period for acting runs from the *service* of a notice by mail," whereas the AEDPA limitation period begins to run when a final judgment is filed in court. *Id.* (quoting *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 930 (9th Cir. 1994)) (emphasis in the original); *accord Crutcher*, 301 F.3d at 657.

Since Sigala's habeas petition was untimely, we must consider whether Sigala is entitled to equitable tolling of the AEDPA limitation period. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). As a result, equitable tolling is appropriate only in "rare and exceptional circumstances," *see Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000); a "garden variety claim of excusable neglect" is not enough. *Irwin v.*

---

[1] The provisions formerly contained in Rule 6(e) were moved in 2007 to Rule 6(d). *See* 86 C.J.S. *Time* § 15 (Supp. 2011). Rule 6(d) now states, "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." FED. R. CIV. P. 6(d).

*Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). For example, in *Holland v. Florida*, 130 S. Ct. 2549, 2564–65 (2010), the Supreme Court held the defendant *might* be entitled to equitable tolling—not just because his counsel failed to file a federal habeas petition on time, but because the attorney disregarded many letters from his client that repeatedly emphasized the importance of meeting the filing deadline, going so far as identifying the applicable legal rules governing the limitation period.

In this case, Sigala claims his limitation period should be tolled for several years because defense counsel allegedly failed to inform him of the amended judgment and sentence. But Sigala was timely notified in 2005 that the New Mexico Supreme Court had remanded his case to the trial court for this purpose; the record provides no indication he ever followed up on his case status, either with defense counsel or the courts. Furthermore, Sigala's COA request gives no reason why he could not have learned about his final judgment if he had been pursuing his rights diligently. Thus, Sigala's circumstances appear very different to those of the *Holland* defendant, who vigorously attempted to ensure his habeas petition was timely filed.

In summary, Sigala has failed to meet his burden of showing extraordinary circumstances justifying equitable relief. And since his habeas petition was otherwise untimely, no reasonable jurist could conclude the dismissal of the petition was incorrect.

### III. Conclusion

For the foregoing reasons, we DENY Sigala's request for a COA and DISMISS his appeal.