FILED
United States Court of Appeals
Tenth Circuit

April 29, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PETER E. GOMEZ,

Petitioner-Appellant,

v.

JOHN DAVIS, B.V.M.C.; ROGER
WERHOLTZ, Interim Executive Director
DOC[*]; JOHN SUTHERS, Attorney
General of the State of Colorado,

Respondents-Appellees.

No. 13-1004
(D.C. No. 1:12-CV-03008-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS[**]**

Before **HARTZ**, **GORSUCH**, and **MATHESON**, Circuit Judges.

Peter E. Gomez, proceeding pro se, seeks a certificate of appealability (COA)

to appeal the district court's dismissal of his unauthorized second or successive

28 U.S.C. § 2254 application for a writ of habeas corpus. We deny a COA an

dismiss the matter.

---

[*]     Pursuant to Fed. R. App. P. 43(c)(2), Roger Werholtz, Interim Executive
Director DOC, is substituted for Tom Clements, Executive Director DOC, as a
Respondent-Appellee in this action.

[**]     This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2002, Mr. Gomez pleaded guilty in Colorado state court to (1) possession with intent to distribute a controlled substance and (2) possession of a controlled substance. He was sentenced to twenty-four and six years' imprisonment, respectively, with the sentences to run consecutively.

In 2009, Mr. Gomez filed in state court a motion for expungement of court costs due to his indigency. On February 20, 2009, the state trial court entered a minute order vacating court costs related to Mr. Gomez's controlled substance convictions. Aplt.'s Combined Opening Br. & Appl. for COA, Ex. A at 1-2.

In 2011, Mr. Gomez filed his first § 2254 application, asserting that the state trial court erred in imposing consecutive sentences for his controlled substance convictions. The district court denied the application as time-barred.

In 2012, Mr. Gomez filed a second § 2254 application. It challenged the same Colorado convictions and sentences as his first § 2254 application. This time he took issue not only with his consecutive sentences, but also with his plea agreement. The district court decided this filing was an unauthorized second or successive § 2254 application. *See* 28 U.S.C. § 2244(b). Declining to transfer it to this court, the district court dismissed it for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam) (stating that, when a district court is presented with an unauthorized second or successive § 2254 claim, it "may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion . . . for lack of jurisdiction").

Mr. Gomez now seeks a COA to appeal from the district court's dismissal. When, as here, a district court dismisses a habeas application on procedural grounds, a petitioner is entitled to a COA only if he shows *both* that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We construe Mr. Gomez's pro se filings liberally. *Sigala v. Bravo*, 656 F.3d 1125, 1126 (10th Cir. 2011). As best we can discern, he argues that the state trial court's February 20, 2009, minute order waiving court costs qualifies as a new judgment under the Supreme Court's holding in *Magwood v. Patterson*, 130 S. Ct. 2788 (2010), so the § 2254 application he filed in 2012 was not a second or successive application. Mr. Gomez's argument is misplaced.

In *Magwood*, the Supreme Court held that when "there is a 'new judgment intervening between the two habeas [applications],' an application challenging the resulting new judgment is not 'second or successive' at all." 130 S. Ct. at 2802 (citation omitted). In reaching this determination, the Court addressed the meaning of "second or successive" in § 2244(b), concluding that the use of the term "judgment" in § 2254(b) was "significant" and "that the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Id.* at 2797.

In this case, the state trial court's 2009 minute order vacating court costs is not a new judgment entered between Mr. Gomez's 2011 and 2012 applications for § 2254 relief. Despite Mr. Gomez's statements to the contrary, the § 2254 application he filed in 2012 challenges the same judgment that he challenged in his 2011 application for § 2254 relief: the judgment entered after he pleaded guilty in 2002 to two controlled substance violations.

Mr. Gomez also argues that the district court should not have found the § 2254 application he filed in 2012 to be second or successive because the district court did not adjudicate the merits of his first application, but instead dismissed it as time-barred. Mr. Gomez is mistaken. "The dismissal of [his] first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is a second or successive subject to the AEDPA requirements." *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam).

Because reasonable jurists could not debate that the district court was correct in its procedural ruling—to treat Mr. Gomez's § 2254 claims as an unauthorized second or successive § 2254 application and to dismiss it for lack of jurisdiction—we deny a COA and dismiss this matter. We also deny Mr. Gomez's motion for leave to proceed on appeal without prepayment of costs or fees because he has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505

(10th Cir. 1991). Mr. Gomez is therefore directed to pay the full amount of the filing fee forthwith.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk
