**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 15, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CHARLES WHITTEN,

    Petitioner - Appellant,

v.

DEAN WILLIAMS; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

    Respondents - Appellees.

No. 19-1289
(D.C. No. 1:19-CV-00721-LTB-GPG)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **McHUGH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Petitioner-Appellant Charles Whitten, a state inmate appearing pro se, seeks a certificate of appealability (COA) allowing him to appeal from the district court's denial of his 28 U.S.C. § 2254 application as time-barred and not subject to equitable tolling. Whitten v. Williams, No. 19-cv-00721-LTB-GPG (July 26, 2019). Because the district court's procedural ruling is not reasonably debatable, we deny a COA and dismiss the appeal.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2012, Mr. Whitten was convicted of two counts of witness intimidation and four counts of witness tampering in Colorado state court. Mr. Whitten's conviction was affirmed on direct appeal and the Colorado Supreme Court denied his petition for certiorari on April 20, 2015. His conviction became final on July 20, 2015. Thereafter, Mr. Whitten sought state post-conviction relief. The assigned magistrate judge determined that the one-year limitation period, 28 U.S.C. § 2244(d), for Mr. Whitten to file this action expired on September 26, 2018. Mr. Whitten did not file until March 11, 2019.

To obtain a COA, Mr. Whitten must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court denies a § 2254 petition on procedural grounds, the movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Mr. Whitten argues that his appellate counsel told him that he had one year from the denial of state post-conviction relief to file his federal habeas petition and that his constitutional claims are reasonably debatable. The district court's conclusion that Mr. Whitten's equitable tolling claim did not present extraordinary circumstances and that he had not demonstrated actual innocence are not reasonably debatable. See Sigala v. Bravo, 656 F.3d 1125, 1128 (10th Cir. 2011); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

We DENY a COA, DENY IFP, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge