**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 28, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————————————————

RAMON LOPEZ, JR.,

     Petitioner - Appellant,

v.

CHRISTOPHER EDELEN, Warden
of the Taylor Correctional
Institution; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

     Respondents - Appellees.

No. 20-1116
(D.C. No. 1:19-CV-01171-LTB-GPG)
(D. Colo.)

———————————————————————

**ORDER AND JUDGMENT**[*]

———————————————————————

Before **BACHARACH**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and
**MORITZ**, Circuit Judge.

———————————————————————

This appeal involves timeliness. The petitioner, Mr. Ramon Lopez,

Jr., was convicted of first-degree murder roughly twelve years ago. After

unsuccessfully appealing in state court, Mr. Lopez sought habeas relief in

---

[*]    Oral argument would not materially help us to decide the appeal. *See*
Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). So we have decided the
appeal based on the record and the parties' briefs.

    Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

federal district court. The district court dismissed the petition based on timeliness, and Mr. Lopez appeals. We affirm.

The limitations period would ordinarily have ended before Mr. Lopez brought the habeas claim. 28 U.S.C. § 2244(d)(1). But he relies on equitable tolling. The issue is thus whether the limitations period was equitably tolled. For this issue, the parties agree that

- the one-year limitations period would have expired on October 23, 2018, absent equitable tolling and

- Mr. Lopez filed the habeas petition six months later (April 22, 2019).

To obtain equitable tolling, Mr. Lopez needed to show that he had diligently pursued his rights. *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011). The district court concluded that Mr. Lopez had failed to act diligently, and we review that conclusion under the abuse-of-discretion standard. *United States v. Denny*, 694 F.3d 1185, 1189 (10th Cir. 2012).

Mr. Lopez points out that he filed a post-conviction application in state court on March 7, 2016, which tolled the limitations period. 28 U.S.C. § 2244(d)(2).[1] This tolling would continue while the post-

---

[1] He dated the application on March 7, 2016, and the clerk file-stamped the application one week later. We consider the application filed when mailed if Colorado law would consider the document "filed" upon mailing. *Adams v. LeMaster*, 223 F.3d 1177, 1181-82 (10th Cir. 2000). In Colorado, a prisoner's filing is considered "filed" when deposited in the prison's mail system. Colo. R. Civ. P. 5(f).

conviction application remained pending in state court. *Id.* That period ended on May 21, 2018, when the Colorado Supreme Court denied certiorari review.

Mr. Lopez did not know about the denial of certiorari review until October 2018 because he had been repeatedly shuffled from prison to prison, delaying his access to mailings from the court. But the district court attributed part of the responsibility to Mr. Lopez, reasoning that he could have acted earlier than he did.

Mr. Lopez arrived at his eventual destination (a prison in Florida) in early June 2018 and waited roughly two months before updating his address with the Colorado Supreme Court. By waiting to update his address, he risked delay in getting mail from the court.

That risk came to fruition. Roughly two weeks before Mr. Lopez arrived at his eventual destination, the Colorado Supreme Court denied certiorari. But the clerk's office had no way to notify Mr. Lopez because it didn't know where he was. The clerk learned of Mr. Lopez's new address months later, when he notified the state supreme court of his new prison in Florida.

---

Mr. Lopez's post-conviction application does not say whether he used the prison's mail system. But even if he did not, the one-week difference in dates would not affect the timeliness of the habeas petition.

3

Mr. Lopez downplays his responsibility, implying that he couldn't ask the court about the status of his certiorari petition until he received his legal papers. But he didn't need his legal papers to ask the clerk's office to look up his case for an update.

In his reply brief, Mr. Lopez also argues that he expected the various prisons to forward his legal mail. But he waived this argument by not raising it in his opening brief. *United States v. Pickel*, 863 F.3d 1240, 1259 (10th Cir. 2017).[2]

Even if we were to overlook the waiver, the argument would fail. Mr. Lopez knew that his legal mail was not being forwarded, for he didn't receive forwarded mail for nearly seven months. Indeed, Mr. Lopez complained about the lack of incoming mail roughly five months into this period. R. at 308. Though he complained, he didn't check the status with the state supreme court's clerk. So the district court could reasonably find that Mr. Lopez had not acted diligently during this period of nearly seven months.

Mr. Lopez ultimately learned in late October 2018 that the Colorado Supreme Court had denied his certiorari petition months earlier. He then

---

[2]   Mr. Lopez also suggests in his reply brief that he lacked internet access. He waived this argument by not raising it in his opening brief. Even if we were to consider this argument, however, Mr. Lopez provides no evidence of any efforts to write or call the clerk's office for the Colorado Supreme Court.

had all of the information needed to know that the limitations period would have already expired absent equitable tolling. Yet he waited roughly six months before he filed the habeas petition in federal district court.

He argues that most of November 2018 was wasted because he again went from prison to prison before he could use the law library and obtain help from a law clerk. He thus suggests that he couldn't use the library or get help from a clerk until he arrived at the new prison. But even after arriving there, he waited more than five months to file the habeas petition. He doesn't provide a reason for this delay beyond a general reference to scheduling difficulties.

The district court acted reasonably in finding that Mr. Lopez had failed to act with diligence. He certainly didn't bear all of the blame for the delays. But the court reasonably pinned part of the responsibility on Mr. Lopez.

He waited roughly two months to tell the state supreme court of his new address. He might have thought that he couldn't notify the court of his new address until he could get his legal papers. But he didn't try. If he had, he likely would have learned that he didn't need his legal papers for the court to update his address information.

Even after getting his legal papers and knowing that the one-year limitations period had ended, he waited more than five more months before filing the habeas petition.

Given his delay, the district court had the discretion to deny equitable tolling. And Mr. Lopez admits that without equitable tolling, his habeas petition would be untimely. We thus affirm the dismissal of his habeas petition.

Entered for the Court


Robert E. Bacharach
Circuit Judge