FILED
United States Court of Appeals
Tenth Circuit

June 24, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TERENCE L. THOMAS,

    Defendant - Appellant.

No. 20-3224
(D.C. Nos. 6:19-CV-01211-EFM &
6:16-CR-10034-EFM-1)
(D. Kan.)

_____

**ORDER\***
_____

Before **HARTZ**, **BRISCOE**, and **BACHARACH**, Circuit Judges.
_____

Mr. Terence L. Thomas was convicted in federal court on charges of robbing a bank and brandishing a firearm during and in relation to a Hobbs Act robbery. 18 U.S.C. §§ 2113(a), 924(c)(1). Though Mr. Thomas did not appeal, he moved to vacate his sentence under 28 U.S.C. § 2255. The district court denied relief, and he wants to appeal. To do so, however, he needs a certificate of appealability. *United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010). We decline to issue a certificate.

---

\*    This order does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

To obtain a certificate, Mr. Thomas must show that reasonable jurists would find the district court's resolution debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But Mr. Thomas has not made this showing.

He asserted six claims in district court:

1. The district court had improperly departed upward from the guideline range on his robbery sentence.

2. He should have been allowed to withdraw his guilty plea based on ineffective assistance of counsel and prosecutorial misconduct.

3. His sentence had been improperly calculated based on *Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019).

4. He had been improperly forced to obtain legal representation.

5. When pleading guilty, he had not known that his victims did not want him imprisoned.

6. His counsel had refused to file a notice of appeal despite instructions to appeal.

The district court concluded that five of the claims were time-barred. The sole exception was Mr. Thomas's claim that the district court had improperly calculated the sentence under *United States v. Davis*, 139 S. Ct. 2319 (2019). The court concluded that this claim was invalid on the merits.

In seeking a certificate of appealability, Mr. Thomas does not question the district court's reasoning. The shortcoming in his argument is understandable, for Mr. Thomas is acting pro se. Because he is acting pro

2

se, we liberally construe his request for a certificate of appealability. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002) (stating that we liberally construe a pro se petitioner's request for a certificate of appealability). But we cannot construct arguments for Mr. Thomas. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also In re Antrobus*, 563 F.3d 1092, 1099 (10th Cir. 2009) ("Under our rules we are not permitted to invent arguments even for *pro se* litigants . . . .").

In claiming that his attorney refused to file a notice of appeal, Mr. Thomas states that his attorney had lied for 20 months. If the attorney had lied, Mr. Thomas might be entitled to equitable tolling. *See Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007) ("[S]ufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the [28 U.S.C. § 2244(d)] limitations period."). For equitable tolling, Mr. Thomas bears the burden. *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011). But Mr. Thomas doesn't say when he learned that his attorney had failed to file the notice of appeal. He has thus failed to develop a meaningful argument for tolling based on his attorney's alleged lies.

He not only failed to develop this argument on appeal but also forfeited it by failing to develop it in district court. In district court, Mr. Thomas said in his motion that he had "been in transit for the last 20 months," had tried to contact the attorney and "repeatedly asked" about

3

motions, but had "recently found out that [no appeal] was made on [his] behalf." Motion Under 28 U.S.C. § 2255 at 12, *United States v. Thomas*, 6:16-cr-10034-EFM-1, ECF. No. 38. But he did not say when he had learned of his attorney's failure to file the notice of appeal. So Mr. Thomas not only failed to develop the issue on appeal but also forfeited this issue in district court. *See Abernathy v. Wandes*, 713 F.3d 538, 551 (10th Cir. 2013).

Mr. Thomas also argues that

- he sent other filings and a letter, which the court clerk erroneously deemed illegible; and

- his mental health problems prevented further diligence.

But Mr. Thomas forfeited these arguments by failing to make them in district court. *See id.*

Mr. Thomas makes no other arguments that could conceivably cast doubt on the district court's reasoning. We thus deny his request for a certificate of appealability. In the absence of a certificate, we dismiss this matter.

Entered for the Court


Robert E. Bacharach
Circuit Judge

4