FILED
United States Court of Appeals
Tenth Circuit

October 5, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CURTIS TOLBERT,

    Petitioner - Appellant,

v.

MIKE DELATORRE; ATTORNEY
GENERAL FOR THE STATE OF NEW
MEXICO,

    Respondents - Appellees.

No. 22-2087
(D.C. No. 1:20-CV-00009-WJ-KK)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Curtis Tolbert, a New Mexico prisoner proceeding pro se,[1] filed a 28 U.S.C.

§ 2254 petition challenging his convictions stemming from the sexual abuse, including

rape, of his fourteen-year-old daughter. Mr. Tolbert pleaded no contest to eleven counts

in 2011 and was sentenced to a term of sixty-nine years of incarceration, with fifty-four

years suspended. The district court dismissed Mr. Tolbert's petition and denied a

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Tolbert is proceeding pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

certificate of appealability ("COA") because it held the petition was untimely where Mr. Tolbert filed the petition more than one year after his convictions became final and no other provision or doctrine governing timeliness applied. Mr. Tolbert asks us to issue a COA, arguing his petition should be subject to equitable tolling because he only recently discovered the legal basis for his claim. Concluding reasonable jurists could not debate the district court's dismissal of Mr. Tolbert's § 2254 petition, we deny a COA and dismiss this matter.

## I.    BACKGROUND

New Mexico authorities arrested Mr. Tolbert in July 2009 for raping his fourteen-year-old daughter. His daughter informed a neighbor that her father had sexually penetrated her, and the neighbor bought her a recording device which the daughter used to record a conversation with her father about the sexual abuse. The neighbor then reached out to a friend about the situation, who contacted the police, leading to Mr. Tolbert's arrest. Mr. Tolbert pleaded no contest to eleven felony counts based on the sexual abuse and bribing a witness. On April 18, 2011, the New Mexico state district court sentenced Mr. Tolbert to sixty-nine years of incarceration with fifty-four years suspended, for an actual term of fifteen years. The court entered judgment the same day, and Mr. Tolbert did not appeal his convictions.

On November 9, 2011, Mr. Tolbert filed a habeas corpus petition in state district court, arguing he had received ineffective assistance of counsel and his pleas were involuntary. The court denied his petition on October 15, 2015, and he sought an

extension of time to petition for certiorari in the Supreme Court of New Mexico. The court granted his motion, allowing him an extension to file his petition for certiorari through January 13, 2016. He filed his petition on January 19, 2016,[2] and the court denied the petition as untimely on March 13, 2017.[3] On July 25, 2019, Mr. Tolbert filed a second state habeas corpus petition, alleging it was illegal for the State to use his daughter's tape recording of their conversation as evidence. The state district court denied the petition. Mr. Tolbert sought certiorari review, but the Supreme Court of New Mexico denied his petition on November 8, 2019.

On December 31, 2019, Mr. Tolbert filed the 28 U.S.C. § 2254 petition at issue today with the federal district court, repeating his previous arguments that he had received ineffective assistance of counsel, his pleas were involuntary, and the recording

---

[2] *See* Docket, *Tolbert v. State*, Supreme Court of New Mexico, S-1-SC-35597, https://caselookup.nmcourts.gov/caselookup/app, entry dated Jan. 19, 2016 (last visited Sept. 30, 2022). We take judicial notice of the docket in Mr. Tolbert's state post-conviction proceedings. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("Although we are not obliged to do so, we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.").

[3] Mr. Tolbert disputes that he untimely filed the petition for certiorari, contending that he delivered the petition by certified mail and "it was delivered on January 11, 2016 to the court." ROA at 34. But when reviewing a § 2254 application, we presume a state court's factual findings are correct, and the applicant can rebut this presumption only with "clear and convincing evidence." 28 U.S.C. § 2254 (e)(1). Mr. Tolbert has presented no evidence to contradict the state court's finding that his petition for certiorari was untimely.

used as evidence by the State violated federal law.[4] On February 24, 2022, Mr. Tolbert submitted a motion to amend his petition. In his amended petition, Mr. Tolbert alleged the trial judge had participated in a discussion about plea negotiations with his attorney and the prosecutor in violation of Federal Rule of Criminal Procedure 11(c)(1).[5] Mr. Tolbert's former defense attorney disclosed in an affidavit dated April 14, 2014, that she and the prosecutor in Mr. Tolbert's case had discussed their plea deal negotiations with the judge, and the judge "informed [them] that she was inclined to sentence Mr. Tolbert to 12–15 years incarceration, provided there was a plea agreed to that contained this range." ROA at 59–60. Mr. Tolbert stated he had only recently become aware that the judge's participation in this conversation violated Federal Rule of Criminal Procedure 11(c)(1) and New Mexico Rule of Criminal Procedure 5-304(A)(1) after Fast Case Law Library was added to the education computers at his prison.

---

[4] Although the district court did not file stamp the petition until January 6, 2020, Mr. Tolbert signed it on December 31, 2019, and we "treat the petition as placed in the hands of prison authorities on the same day it was signed." *Marsh v. Soares*, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000).

[5] *See* Fed. R. Crim. P. 11(c)(1) ("An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement," but "[t]he court must not participate in these discussions."). Because Mr. Tolbert's pleadings are subject to liberal construction, we interpret his claim that the judge in his state criminal proceedings violated Federal Rule of Criminal Procedure 11(c)(1) to also refer to a violation of New Mexico Rule of Criminal Procedure 5-304(A)(1). Mr. Tolbert was convicted in state district court, so the New Mexico Rules of Criminal Procedure, rather than the Federal Rules of Criminal Procedure, governed the proceedings. New Mexico Rule of Criminal Procedure 5-304(A)(1) states "[a] judge who presides over any phase of a criminal proceeding shall not participate in plea discussions."

The district court responded to Mr. Tolbert's petition with an order requesting Mr. Tolbert "to show cause why his Petition should not be dismissed as untimely." *Id.* at 92. Regarding references in Mr. Tolbert's petition to the difficulty he encountered in discovering applicable law, the district court advised Mr. Tolbert that he needed to "provide 'specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal' petition." *Id.* at 97 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). Mr. Tolbert responded to the order to show cause with a motion to amend, acknowledging that "the original grounds were not filed in a timely ma[nn]er." *Id.* at 98. He argued "[t]he new grounds filed d[id] not have a time limit because Petitioner never knew of this rule 11, it has never been brought up, and did not have legal access to this knowledge of Manifest Injustice." *Id.* In his proposed amended § 2254 petition, Mr. Tolbert sought relief based solely on the judge having participated in the plea negotiation discussion in violation of Federal Rule of Criminal Procedure 11(c)(1) and New Mexico Rule of Criminal Procedure 5-304(A)(1).

The district court granted Mr. Tolbert's motion to amend his petition, but then dismissed the amended petition, holding he had not established any basis for tolling and the one-year statute of limitation set out in 28 U.S.C. § 2244(d)(1) had expired. The court rejected Mr. Tolbert's arguments that his claims were timely because he was previously unaware of the legal basis for his claim and had been refused access to transcripts from his plea colloquy. The court also denied a COA. Mr. Tolbert responded by filing a motion for rehearing and a motion requesting a COA. The court denied Mr. Tolbert's motions,

5

holding Mr. Tolbert had presented no basis for the court to reconsider its decision and that, to the extent he attempted to present new evidence and arguments, this would be considered a successive habeas claim over which the court lacked jurisdiction. Mr. Tolbert now asks this court to grant him a COA.

## II.    DISCUSSION

### A.    Standard for a COA

An appeal from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" shall be taken to the court of appeals only if "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). For a circuit judge to issue a COA, the applicant must have "made a substantial showing of the denial of a constitutional right." *Id.* § 2253(2). District courts may deny habeas petitions based on the merits of the petitioner's claims or based solely on a procedural bar. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court denies a habeas petition based on a procedural bar, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

### B.    One Year Statute of Limitation

Under 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." As relevant to Mr. Tolbert's petition, this one-year statute of limitation

6

starts running from the latest of: (1) the date the judgment in state court became final; or

(2) "the date on which the impediment to filing an application created by State action in

violation of the Constitution or laws of the United States is removed, if the applicant was

prevented from filing by such State action." 28 U.S.C. § 2244(d)(1). "[T]ime during

which a properly filed application for State post-conviction or other collateral review

with respect to the pertinent judgment or claim is pending" does not count toward the

one-year bar. *Id.* § 2244(d)(2). The statute of limitation is subject to equitable tolling if

the prisoner "shows '(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way' and prevented timely filing." *Holland v.*

*Florida*, 560 U.S. 631, 649 (2010) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418

(2005)). "[E]quitable tolling is appropriate only in rare and exceptional circumstances."

*Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (internal quotation marks omitted).

For example, the Supreme Court recognized in *Holland v. Florida* that equitable tolling

may be appropriate where a prisoner has been diligently pursuing his rights but impeded

by "serious instances of attorney misconduct." 560 U.S. at 652.

### C.    Analysis

We calculate the one-year statute of limitation for Mr. Tolbert to seek federal

habeas relief under 28 U.S.C. § 2254 from the date his judgment in state court became

final. 28 U.S.C. § 2244(d)(1)(A). Although Mr. Tolbert claims he only recently

discovered the legal basis for his claim, he has not alleged that State action in violation of

the Constitution or laws of the United States impeded him from filing his petition earlier

thereby justifying a later start to the statute of limitation under 28 U.S.C. § 2244(d)(1)(B). The state trial court entered judgment in Mr. Tolbert's case on April 18, 2011. His time to seek an appeal expired thirty days later, on May 19, 2011. *See* N.M. Stat. Ann. § 39-3-3(A)(1) (allowing defendant thirty days to appeal from any final judgment in a criminal proceeding); N.M. R. App. P. 12-308(A)(1) (stating that for computing time, periods of eleven days or longer start on the day after the triggering event and all days count, unless the last day falls on a Saturday, Sunday, or legal holiday). Mr. Tolbert did not file an appeal, so his judgment in state court became final for purposes of § 2244(d)(1)(A) on May 19, 2011, and the one-year statute of limitation began to run.

The statute of limitation continued to run until Mr. Tolbert filed a habeas petition in state court on November 9, 2011, stopping the clock on the one-year filing period. *See* 28 U.S.C. § 2244(d)(2). At this time, 174 days had passed, leaving Mr. Tolbert with 191 days remaining to timely file a § 2254 petition. The statute of limitation began to run again on January 14, 2016, after the state court had dismissed Mr. Tolbert's habeas petition and his time to seek certiorari from the Supreme Court of New Mexico had expired.[6] Mr. Tolbert's time to file under § 2244(d)(1) expired 191 days later, on July 25,

---

[6] Mr. Tolbert submitted a petition for certiorari which the Supreme Court of New Mexico denied as untimely on March 13, 2017. He argues this was a mistake and his petition for certiorari had been delivered prior to his extension deadline. Because Mr. Tolbert has not provided "clear and convincing evidence" to support this claim, we rely on the Supreme Court of New Mexico's factual determination that the petition was untimely. *See* 28 U.S.C. § 2254(e)(1). We start the clock on the statute of limitation on January 14, 2016, when Mr. Tolbert's time to petition for certiorari expired. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000) (holding that untimely filed appeal does

2016. He did not file an "application for State post-conviction or other collateral review" during these 191 days, so the statute of limitation continued to run. *See id.* Mr. Tolbert did not file his 28 U.S.C. § 2254 petition until December 31, 2019—1,253 days after the one-year statute of limitation had passed. So, unless Mr. Tolbert has demonstrated that jurists could reasonably debate whether his claim is subject to equitable tolling, we must deny his request for a COA.

The only argument Mr. Tolbert has presented for equitable tolling is that he did not have access to the computer system through which he accessed the federal rules and became aware of Federal Rule of Criminal Procedure 11(c)(1) and New Mexico Rule of Criminal Procedure 5-304(A)(1) until February 2020. He does not dispute he had the evidence on which his argument is based in 2014, when he received a copy of his defense attorney's affidavit outlining the conversation she had with the judge and prosecutor prior to Mr. Tolbert accepting the plea deal. This court has made clear that lack of knowledge about the law and general statements about lack of access to research tools are not sufficient to demonstrate extraordinary circumstances justifying equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)));

---

not extend time that State post-conviction claim is pending under § 2244(d)(2)). But even if the clock on the statute of limitation remained on pause through March 13, 2017, Mr. Tolbert's habeas petition would still be time barred.

9

*Miller*, 141 F.3d at 978. Rather, a prisoner must "provide[] [] specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." *Miller*, 141 F.3d at 978.

Mr. Tolbert's one sentence statement that "[February] was the first time [he] had access to the federal rules and case[s] on computer system" falls short of meeting this standard. Appellant's Br. & COA at 11. In *Miller*, this court rejected a nearly identical argument holding that "[i]t is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate." 141 F.3d at 978. Mr. Tolbert has not even claimed his facility lacked relevant statutes and case law; he asserts only that it lacked a computer system that made them easier to navigate. This statement is not enough to demonstrate "[Mr. Tolbert's] failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh*, 223 F.3d at 1220. Reasonable jurists could not debate whether Mr. Tolbert's claim is subject to equitable tolling and therefore he is not entitled to a COA.

### III.    CONCLUSION

We DENY a COA and DISMISS this matter.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

10