FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 11, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DELANO MEDINA, a/k/a Medina Delano,

    Plaintiff - Appellant,

v.

JENNIFER HANSEN; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

    Defendants - Appellees.

No. 24-1353
(D.C. No. 1:24-CV-01428-LTB-RTG)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.
_____

Delano Medina, a Colorado inmate proceeding pro se, seeks a certificate of

appealability ("COA") allowing him to challenge the district court's dismissal of his

28 U.S.C. § 2254 application as untimely.  We deny a COA and dismiss this matter.

**Background**

**I.      The State Court Proceedings**

In August 2013, Medina was charged in Lake County, Colorado, with felony

menacing after his wife reported to law enforcement that he had threatened her with a

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

knife.  In exchange for the State dropping numerous other criminal cases against him, he pled guilty to the menacing charge pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970).[1]  The trial court accepted his plea as knowing and voluntary but made no findings regarding evidence of guilt because Medina had waived application of Colorado Rule of Criminal Procedure 11(b)(6), which requires a factual basis for the plea.  At sentencing, Medina moved to withdraw his *Alford* plea, contending that jail-recorded telephone calls between him and his wife constituted new exculpatory evidence.  The court rejected this argument and imposed a stipulated sentence of one-year.  Medina's criminal case was closed on March 19, 2015, and he did not file a direct appeal.

Medina filed two applications in state court for post-conviction relief.  In August 2015, he filed a petition for a writ of habeas corpus.  It was denied a month later, on September 7, and Medina did not appeal that denial.  He filed his second application in February 2018 under Colorado Rule of Criminal Procedure 35(c).  In that motion, Medina argued the trial court had erred in accepting his *Alford* plea without also requiring the prosecution to establish a factual basis for the charged offense.  The trial court denied relief, and Medina ultimately appealed that case to the Colorado Supreme Court.  In September 2023, that court rejected Medina's argument.  It held "that a defendant may enter an *Alford* plea while nonetheless waiving the establishment of a factual basis for the charge under [Colo. R.] Crim. P. 11(b)(6), provided that the plea is voluntary, knowing,

---

[1] "An *Alford* plea is one in which a defendant may maintain his innocence while agreeing to forego his right to a trial." *Wirsching v. Colorado*, 360 F.3d 1191, 1204 (10th Cir. 2004).

2

and intelligent." *Medina v. People*, 535 P.3d 82, 90 (Colo. 2023), *cert. denied*, 144 S. Ct. 1345 (2024).

## II.    This Proceeding

On May 20, 2024, Medina filed the § 2254 application in this case. He asserted one claim for relief, that his "*Alford* plea [was] entered without a factual basis in violation of due process." R. at 7. The district court referred the case to a magistrate judge, who, after hearing from the parties, issued a report recommending the action be dismissed as untimely under the applicable one-year limitations period established in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1). Over Medina's objection, the district court adopted that recommendation, dismissed the action, and declined to issue a COA.

Specifically, the district court held that Medina's criminal case was finalized for purposes of § 2244(d) on May 7, 2015, when his time for filing a direct appeal expired. It held the limitations period was statutorily tolled during the pendency of Medina's state habeas petition, from August 25 to September 7, 2015, but that it was not tolled during the pendency of his Rule 35(c) motion, filed in 2018. Accordingly, the court concluded the AEDPA limitations period had expired on July 7, 2016, making Medina's § 2254 application, filed in May 2024, grossly untimely. Medina contended his Rule 35(c) motion, which was timely under state law and not finally decided until September 2023, operated to toll the statute of limitations. But the district court rejected this argument. Citing *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006), the court explained, "[a] Rule 35(c) motion does not act to toll the AEDPA statute of limitations when filed after

3

the AEDPA limitations period has already expired." R. at 104 n.1. It concluded that "[b]ecause Medina's 35(c) motion was not filed within the one-year AEDPA limitation period, the fact that it may have been timely as a matter of state law does not toll the time for commencing this § 2254 action." *Id.*

The court liberally construed Medina's application to include a request for equitable tolling. But it held Medina had failed to show the requisite diligence or explain how any action by the State prevented him from filing his federal habeas petition sooner. The court observed that between the time his conviction became final and the expiration of the AEDPA limitations period, Medina appears to have taken no action in pursuit of his claims. According to the district court, Medina "[did] not address the relevant time period at all—instead, he skip[ped] to the filing of his Rule 35(c) motion in 2018, which was filed well after the [§ 2244(d)(1) limitations period] had already lapsed." R. at 105-06.

Finally, the court construed Medina's § 2254 application to also include a claim of actual innocence based on his argument relying on the recorded phone calls with his wife. The court acknowledged that "a credible showing of actual innocence provides a gateway to consideration of an otherwise untimely claim of constitutional error as an equitable exception to the one-year limitation period." R. at 106 (citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). But it rejected Medina's actual innocence argument for two reasons. First, the proffered evidence was not new; the court noted Medina had presented evidence of the phone calls to the criminal court before he was sentenced. Second, the court held that the recorded calls, in which Medina's wife "purportedly 'confessed that

4

she lied to the cops,'" R. at 107, did not prove his innocence: "[I]t is not exculpatory scientific evidence, a trustworthy eyewitness account, or critical physical evidence of innocence so strong that a court cannot have confidence in the state proceedings." *Id.* Accordingly, the district court concluded that having "fail[ed] to make a credible showing of actual innocence, or any other basis to excuse his delayed filing, this action is barred by the one-year limitation period in § 2244(d) and should be dismissed." *Id.* at 107-108.

Medina seeks a COA to appeal that decision.

## Discussion

### I.    Standard of Review

"A COA is a jurisdictional pre-requisite to our review." *Clark*, 468 F.3d at 713; *see* 28 U.S.C. § 2253(c)(1). In this case, the district court dismissed Medina's application on procedural grounds without reaching his constitutional claims. To obtain a COA under these circumstances, Medina must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" and "whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

5

Because Medina proceeds pro se, we have liberally construed his COA application, but we do not act as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## II.    The Statute of Limitations and Equitable Tolling

AEDPA creates a one-year deadline for filing a federal habeas petition. 28 U.S.C. § 2244(d)(1). As relevant here, the deadline begins to run from the date the state court judgment became final through direct appeal or expiration of the time to appeal. *Id.* § 2244(d)(1)(A). This limitations period is tolled during the pendency of a properly filed application for state post-conviction or other collateral review. *Id.* § 2244(d)(2). In addition, a federal habeas petitioner may be entitled to equitable tolling of the statute of limitations in rare and exceptional circumstances. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (internal quotation marks omitted).

Medina's criminal conviction became final, and the AEDPA limitations period began to run, on May 7, 2015, when the time for filing a direct appeal expired. 110 days elapsed before Medina filed his first state habeas petition on August 25, 2015, leaving 255 days remaining. The limitations period was then tolled from August 25 to October 26, 2015, when Medina's deadline to appeal the State's denial of that petition expired. The limitations period began to run again on October 26, 2015. It expired 255 days later, on July 7, 2016. Medina did not file this action until 2024.

6

Medina does not dispute any of the above dates or argue with the district court's calculations. But he insists the district court was wrong in refusing to toll the AEDPA limitations period during the pendency of his Rule 35(c) motion. We disagree. To obtain a COA, Medina must convince us that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Reasonable jurists could find no legitimate debate here. Medina did not file his Rule 35(c) motion until February 2018, long after the AEDPA limitations period expired. As such, it was not a "properly filed application" for purposes of tolling under § 2244(d)(2). *See Clark*, 468 F.3d at 714 ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

The district court's well-reasoned decision also explained why Medina failed to establish a basis for equitable tolling. The facts and circumstances underlying Medina's § 2254 application have long been known to him. Yet, as the court observed, he provided no explanation for his inaction between October 2015, when his state habeas petition was denied, and the expiration of the AEDPA limitations period on July 7, 2016. In rare circumstances, actual innocence can serve as a gateway to allow consideration of an otherwise untimely § 2254 petition. But "[a]n actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor v Powell*, 7 F.4th 920, 927 (10th Cir. 2021). To qualify for this exception, Medina had to show "it is more likely than not that no reasonable juror would have convicted him in the light of new evidence." *Id.* (internal quotation marks omitted). In our view, reasonable jurists could

not debate the correctness of the district court's rejection of Medina's actual innocence claim, which we summarized above.

## Conclusion

We deny a COA and dismiss this matter. We also deny Medina's request to proceed *in forma pauperis* for failure to show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Bobby R. Baldock
Circuit Judge